# Case No. 2,080.

BUCK et al. v. GILL et al.

[4 McLean, 174;[1] 2 Robb, Pat. Cas. 510.]

Circuit Court, D. Ohio. July Term, 1846.

PATENTS—COOKING STOVES—INFRINGEMENT—CLAIM—INJUNCTION.

The claim of Buck, in his cooking stove, as his own invention is, "the flues described in combination with the extended oven." And as the defendants appeared to have infringed the right of Buck, thus stated, a preliminary injunction was granted.

[In equity. Bill by Darius Buck against Gill and others to restrain infringement of patent No. 1,157. Complainants moved for

2 [From 9 Law Rep. 545.]
1 [Reported by Hon. John McLean, Circuit Justice.]

a preliminary injunction, which was granted.]

Mr. Fox, for complainants.

Ewing and Swayne, for defendants.

OPINION OF THE COURT. This bill is filed by the complainants, representing that they are interested in the making and selling of Buck's cooking stove, for which Darius Buck obtained a patent from the United States, on the 20th of May, 1839. That he was the original inventor of the improvement specified in his patent; and that the defendants have long been in the practice of making and vending cooking stoves, substantially on the same plan and principle as Buck's stove, which operates to their injury, in preventing the sale of their stove, and the complainants pray that an injunction may be allowed to prevent the further infringement of their right, by the defendants, and that other and further relief may be given, etc.

The defendants in their answer deny the infringement, and call upon the plaintiffs to prove their right under the patent, the validity of which is questioned, etc.

In his schedule, which constitutes a part of his patent, Buck says: "Whereas, difficulties occur in the cook stoves now in use in carrying on at the same time baking and boiling, and also in having an oven of such uniform temperature that every part will cook or bake uniform, and also in having an oven of sufficient size as to do away with the occasional use of the brick oven, in large families, without any increase of fuel, and also in having an oven around which there is a certain free and uniform draft. And whereas, my invention has respect to the aforesaid difficulties, now, therefore, be it known, that I, etc.. have invented certain improvements in the construction of stoves used for cooking, and I do hereby declare that the following is a full and exact description thereof, reference being had to the drawings which accompany this specification, and are a part of the same," etc. In describing the structure of the stove, among other things he says: "No. 2, the oven is thus made to extend from the back part of the stove to the front part of the stove, under the open hearth, so that the back plate of the stove is a flue plate under the open hearth of the stove. The plates that form the outside of the flue around the oven under the hearth, are so constructed that any horizontal division of the flues and oven under the hearth is similar to the hearth; or the last mentioned outside flue plate may be made straight or flaring, but they are better to curve according to the shape of the hearth-plate, for, by preserving this form, the flue will be enlarged, and the heat of the hearth, the top of the oven, the temperature of the oven and the draft, all will be increased." In summing up, he says: "I do not claim as my invention the placing of the

oven in cooking stoves, under the fire place of the stove, as that has been long known and in use, nor do I claim the invention of reverberating flues for conducting the heat, etc., under the oven, as they also have been for a long time known. What I do claim as my invention, and for which I desire to secure letters patent, is, the extension of the oven under the apron or open hearth of the stove, and the combination thereof with the flues, constructed as above specified, by which means I am enabled to obtain greater room for baking and other cooking purposes, and effect a greater saving of expense and fuel than in cooking stoves of the ordinary construction."

Now, what does Buck claim as his invention? He says he "does not claim as his invention the placing of the oven in cooking stoves under the fire place of the stove, as that has been long known and in use." But he says: "What I do claim as my invention, is, the extension of the oven under the open hearth of the stove, and the combination thereof with the flues, constructed as above specified." In fewer words, "he claims the flues described, in combination with the extended oven." Was this improvement known before? Hathaway's stove was in use before Buck claims to have invented his improvement. But there is this difference between them: The Buck stove has the oven extended, and the front flue or air chamber connected therewith, which gives a uniform heat in the front of the stove, as well as in the rear of it. Hathaway's stove has not this connection. And in this consists the improvement claimed by Buck. Arthur Platt, Adam Powers, and Leonard Duval say there is nothing new in an air chamber, to equalize the heat of the oven. This is no doubt correct; but they do not say there is nothing new in connecting the flues with the extended oven, as claimed by Buck. The Harris stove, sold in 1836, had the oven extended under the hearth, and only differed from the Buck stove in the connection claimed by Buck. The Lawrence stove, which was constructed and extensively sold in Tennessee, in 1837, with flues similar to Buck's, but there seems to have been no air chamber in front.

Upon the whole, from the evidence before us, the stoves made by the defendants, or at least some of them, appear to infringe the right of the complainant, and a preliminary injunction is granted, enjoining the defendants from making or vending any cooking stoves made with a combination of flues down the back and under the oven, and connecting at the bottom thereof with a flue or air chamber in front of the stove; and the said defendants are enjoined from making or vending stoves in which said flues and air chambers are so connected at the bottom of said air chamber or flue in front.

[NOTE. Patent No. 1,157 was granted to D. Buck, May 20, 1839. For other cases involving this patent, see Buck v. Hermance, Case No. 2,082; Buck v. Cobb, Id. 2,079; Buck v. Hermance, Id. 2,081.]